**Irene OLLISH, Appellant,**

**v.**

**John OLLISH, Appellee.**

Court of Appeals of Kentucky.

Oct. 2, 1964.

M. D. Harris, Somerset, for appellant.

Pat Rankin, Stanford, for appellee.

PALMORE, Judge.

Irene and John Ollish were married in 1935. A divorce proceeding instituted by her in 1957 or 1958 was abandoned and the parties continued to live together. In 1962 he brought this action for divorce on the ground of 5 years' separation without cohabitation. KRS 403.020(1) (b). She counterclaimed on the grounds of cruel and inhuman treatment, KRS 403.020(3) (b), and cruel beating and injury or attempts at injury, KRS 403.020(3) (c). On the basis of the evidence thereafter introduced the husband's complaint was dismissed and the wife was awarded a divorce and lump sum alimony of $8,000 secured by a lien on his real estate. She appeals, contending the alimony is inadequate.

The learned chancellor delivered a written opinion from which we quote as follows:

"Mrs. Ollish asks for divorce on several grounds, one of cruel treatment, and another of probable danger to her life from her remaining with him. According to her he pushed her around and bruised her, locked her out of the house so she had to sleep on the porch several nights, struck her over the head with a broom handle on one occasion, since this suit was brought, and injured her to such extent she had to go to the hospital for treatment; at another time, he shot his pistol off in the house after telling her to let him shoot through her foot. He denied he locked her out of the house; he made no denial of the other charges. She testified that he drinks liquor a good deal, and when he does 'just takes his spite' out on her, pushing and throwing her around. There is nothing in his entire testimony indicative of his ever, during the times she was there, exhibiting any affection or even kindness towards her. Perhaps the best explanation of his attitude as shown from * * * his testimony regarding a divorce, is not because of any affection he has for his wife, but fear as to the alimony he might be required to pay, in event of a decree of divorce. I think she is, on the grounds mentioned above, entitled to be granted divorce, and entitled to be awarded alimony.

"Plaintiff is a farmer, owning between 700 and 800 acres, and with personal property of at least three or four thousand dollars. The couple have no children, except a married daughter. No one except defendant is dependent upon plaintiff for support. They were married in 1935. Each is now 47 years old. So far as disclosed, he is a strong, healthy man; she apparently is in fairly good health, though in recent years she has had to undergo several operations, one within the recent past for gallbladder trouble. She had no property; at times she has worked in a laundry. So far as shown, she has not engaged in work away from home other than that. She testified that when she married, she had no property, that she worked from time to time in the field helping plaintiff. She has done the cooking and household work, such as

is the burden of the usual farm wife in their station and circumstances. He makes no complaint of her in these respects, nor does he dispute her statement she worked in the field helping with the farm. At their marriage, he had about $1000.00 in cash; has since inherited $2000.00, and the balance of what he now owns, land and personalty, has been accumulated since their marriage. He evidently was very reluctant to give any definite information as to just how much land he owned, or any definite information as to what the value of his estate is. He testified he owes about $9000.00, and put a net value on his estate of approximately $42,000.00. According to Mr. Teague, local tax commissioner, his real estate is assessed at about $16,000.00; that land generally in this county—and the assessment in question was simply of land —is supposed to be assessed at about one third of its fair market value.

"Upon that basis, it was his opinion plaintiff's real estate is of the fair value of about $50,000.00. Under these facts, it is my conclusion defendant should be awarded alimony in the amount of $8,000.00."

Even when the wife is not entitled to a divorce we have recognized that the performance of her wifely duties during a substantial portion of the marriage relationship ordinarily entitles her (to the extent she does not have a sufficient estate of her own) to alimony equal at least to a third of the estate accumulated from the income of her husband. Cf. Heustis v. Heustis, Ky., 346 S.W.2d 778 (1961). Surely it ought to be no less when she is found not to have been at fault in the dissolution of the marriage.

Ollish grudgingly admitted to a net worth of $42,000. The evidence would sustain a finding that it is more. However, as the chancellor did not make any finding in this respect the proceeding must be remanded for that purpose before the alimony ques-

tion can be settled. Upon return of the case the trial court is directed to determine the husband's net worth and award the wife alimony in the sum not less than the minimum suggested in the Heustis case.

The cause is reversed for further proceedings consistent with this opinion.